IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NANA OPOKU NSIAH,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-01243-JRR |
| **U.S. CUSTOMS AND BORDER PROTECTION,** | |
| *Defendant.* | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant U.S. Custom and Border Protection's Motion to Dismiss or, in the Alternative, for Summary Judgment at ECF No. 10 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion, construed as a motion to dismiss, will be granted.

I.   BACKGROUND

Plaintiff Nana Opoku Nsiah initiated this action against Defendant in the District Court of Maryland for Baltimore City (Case No. 010100065392024) on March 14, 2024. (ECF No. 4; the "Complaint.") In full, Plaintiff's Complaint asserts: "The U.S. Customs and Border Protections in Baltimore are misusing their powers to extorts [sic] money from mos [sic] of the voiceless Africans who ships [sic] goods which are legally allowed to be shipped from USA to most parts of Africa." (ECF No. 4.) The court broadly construes Plaintiff's Complaint as asserting claims against Defendant under the Federal Tort Claims Act ("FTCA").[1]

---

[1] Though Plaintiff selected that the action was one of "replevin," he failed to allege any facts that his personal property was wrongfully taken or held by Defendant. In any event, this court has previously analyzed such claims against the United States under the Federal Tort Claims Act. *See Lundregan v. United States*, No. GJH-18-2132, 2019 WL 2162308, at *1 (D. Md. May 17, 2019).

On the basis of federal question jurisdiction, Defendant subsequently removed the action to this court on April 29, 2024. (ECF No. 1.) On June 13, 2024, Defendant filed the instant Motion, seeking to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, or alternatively, for summary judgment on Plaintiff's claims. (ECF No. 10.) Plaintiff did not respond to the Motion.

## II.  LEGAL STANDARDS

Defendant styles its Motion as a motion to dismiss or in the alternative for summary judgment.[2] Because the court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint, the court construes the Motion as one seeking dismissal pursuant to Rule 12(b)(1).[3] *See U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (noting that "when a district court lacks subject matter jurisdiction over an action, the action must be dismissed") (citing *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506–07 (2006)).

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge,

---

[2] Should the court conclude that the FTCA waiver of sovereign immunity does not apply (and thus that it has jurisdiction), Defendant argues in the alternative that Plaintiff fails to state a claim pursuant to Rule 12(b)(6). Because the court concludes that it lacks subject matter jurisdiction, it does not address Defendant's Rule 12(b)(6) alternative argument.

[3] As explained *infra*, the court "may consider matters outside the pleadings in considering whether to dismiss for lack of subject matter jurisdiction without converting the proceeding to one for summary judgment." *See Strand v. United States*, 233 F. Supp. 3d 446, 454 (D. Md. 2017).

"the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).  Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same).  "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).  "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

Defendant asserts that the doctrine of sovereign immunity bars Plaintiff's claim by operation of the FTCA and deprives this court of jurisdiction.  The defense of sovereign immunity is a jurisdictional bar because "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)).  "Because waivers of sovereign immunity must be strictly construed, the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions appl[ies]." *Wood*

*v. United States*, 845 F.3d 123, 127 (4th Cir. 2017). "Accordingly, because Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, [he] also 'bears the burden of pointing to an unequivocal waiver of immunity.'" *Nabinett v. United States*, No. CV JKB-20-1357, 2023 WL 3168353, at *4 (D. Md. Apr. 28, 2023) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

In the instance case, Defendant's Rule 12(b)(1) arguments raise both facial and factual challenges—a facial challenge as to the FTCA's application to federal agencies and Plaintiff's failure to exhaust his administrative remedies, and a factual challenge as to the FTCA's detention of goods exception. Accordingly, the court will take as true the facts alleged in the Complaint when addressing Defendant's facial challenges, but may consider matters outside the pleadings in addressing Defendant's factual challenge. *See Kerns*, 585 F.3d at 192.

### III. ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). However, such liberal construction does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310,

314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"As a general matter, the United States is immune from suit unless it waives that immunity." *Clendening v. United States*, 19 F.4th 421, 426 (4th Cir. 2021) (quoting *Sanders v. United States*, 937 F.3d 316, 327 (4th Cir. 2019)). The FTCA "creates a limited waiver of the United States' sovereign immunity, generally making the Government liable in tort 'in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* (quoting 28 U.S.C. § 2674). A claim under the FTCA is actionable if it alleges that the claim is:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Ibid.* (quoting § 1346(b)).

*Brownback v. King*, 592 U.S. 209, 212 (2021) (*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994)). All such elements are jurisdictional. *Id.* at 217 (citing *Meyer*, 510 U.S. at 477).

Relevant here, administrative exhaustion is a jurisdictional prerequisite that must be satisfied prior to filing suit under the FTCA. *Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024). As the Fourth Circuit has explained:

> This administrative exhaustion requirement contains three elements. First, a plaintiff must "present[ their] claim to the appropriate Federal agency[.]" *Id.* § 2675(a). Second, when a plaintiff presents their claim to the agency, the plaintiff must state the sum they are seeking for their claim. *Id.* § 2675(b) ("A[n a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency[.]"). Third, the plaintiff must wait either for the claim to be "finally denied by the agency" or for the agency to fail "to make final disposition of [the] claim within six months after it is filed." *Id.* § 2675(a).

*Id.* at 801; *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

Under the FTCA, Plaintiff's claims against Defendant fail for multiple reasons.  First, as Defendant asserts, "the FTCA does not authorize suits against federal agencies."  *Mackall v. United States Dep't of Def.*, No. CV RDB-17-0774, 2017 WL 5564665, at *5 (D. Md. Nov. 20, 2017), *aff'd,* 721 F. App'x 303 (4th Cir. 2018) (citation omitted); *see* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency."); *Moyo v. United States*, No. CIV.A. ELH-12-1857, 2013 WL 762971, at *3 (D. Md. Feb. 26, 2013), *on reconsideration,* 2013 WL 2552282 (D. Md. June 6, 2013) ("The FTCA expressly provides that federal agencies are not amenable to suit under its provisions. The Act provides for liability against only '[t]he United States,' and plaintiffs seeking relief under the Act may pursue it against that defendant alone." (citation omitted)). Because the FTCA does not authorize suit against federal agencies, Plaintiff's action against Defendant fails on that basis alone.

Even were the court to construe Plaintiff's Complaint to assert claims against the United States, his Complaint would fail nonetheless because he did not exhaust his administrative remedies prior to filing suit.  In asserting FTCA claims, Plaintiff was required to present an administrative claim to the appropriate federal agency for determination prior to filing suit.  *See Head*, 695 F. Supp. 3d at 681–82, *supra*.  Plaintiff does not allege that he filed an administrative

6

complaint—let alone that he submitted a completed SF 95 form and a claim for money damages of a sum certain to the appropriate federal agency. *See id.* Thus, even accepting Plaintiff's allegations as true, he has failed to allege that he satisfied the jurisdictional prerequisite of administration exhaustion. Plaintiff's failure to allege (or comply with) a necessary prerequisite of the United States's waiver of sovereign immunity under the FTCA constitutes a jurisdictional bar to Plaintiff's claims, and his Complaint will therefore be dismissed.[4]

Finally, even without the deficiencies noted above, Plaintiff's action under the FTCA would fail by operation of the FTCA's "detention of goods" exception. As the Fourth Circuit has explained:

> Despite [the FTCA's] generally framed waiver, however, the Act provides some specific exceptions, and the one that is relevant here preserves the United States' sovereign immunity with respect to "[a]ny claim arising in respect of . . . the *detention of any goods*, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c) (emphasis added). . . .
>
> But with the subsequent enactment of the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202, Congress carved out an exception to § 2680(c)'s preservation of the United States' sovereign immunity from suits related to the detention of goods. That Act added a proviso to § 2680(c) stating that the waiver of sovereign immunity in § 1346(b) *continues* to "apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer," if a number of conditions are met, including that:
>
>> the property was *seized for the purpose of forfeiture* under any provision of Federal law providing for the

---

[4] Because Plaintiff has failed to plead the necessary jurisdictional facts, the court does not consider matters outside the pleading in ruling on the facial challenges in Defendant's Motion; however, even were the court to conclude that Plaintiff had not failed to do so, Defendant's challenge would be factual and would call on the court to consider the Declaration of Ronetia Douglas, Paralegal Specialist with the Office of U.S. Customs and Border Protection. The undisputed declaration provides that Douglas conducted a search of the relevant database maintained by Defendant's Office of Chief Counsel, and discovered no administrative tort claims submitted for adjudication by Plaintiff. (ECF No. 10-3.)

> forfeiture of property other than as a sentence imposed upon conviction of a criminal offense[.]
>
> 28 U.S.C. § 2680(c)(1) (emphasis added). In short, the Civil Asset Forfeiture Reform Act "canceled the detention of goods exception and restored the waiver of sovereign immunity — or 're-waived' sovereign immunity — with respect to certain forfeiture-related seizures." *Foster*, 522 F.3d at 1075; *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 222, 128 S. Ct. 831, 169 L.Ed.2d 680 (2008).

*Myers v. Mayorkas*, 67 F.4th 229, 233–34 (4th Cir. 2023) (emphasis in original). The Supreme Court has interpreted "any claim arising in respect of" the detention of goods to mean "any claim 'arising out of' the detention of goods . . . ." *Kosak v. United States*, 465 U.S. 848, 854 (1984).

On this point, Defendant offers a factual challenge. While Plaintiff's allegations are neither extensive nor clear, the Declaration of Steven Wachstein, Defendant's Chief Customs and Border Protection Officer at the Port of Baltimore, Maryland, provides further detail that Plaintiff has not disputed. Specifically, Wachstein attests that Plaintiff sought to export a shipment of cars to West Africa that was subsequently held for inspection pursuant to random sampling. (ECF No. 10-2 ¶¶ 5–6.) After inspecting and shipping the shipment, the Centralized Exam Station (the contractor that held the shipment) billed Plaintiff $1,860.00 for storage of the shipment. *Id.* ¶¶ 7–9. Based on this undisputed declaration offered by Defendant, Plaintiff's claims arise out of the detention of goods, and thus plainly fall within the detention of goods exception. Accordingly, the FTCA's waiver of sovereign immunity would not operate upon the claims asserted.

In view of the foregoing, the FTCA's waiver of sovereign immunity does not operate to permit Plaintiff's claims here, and the action will be dismissed pursuant to Rule 12(b)(1).

### IV.   CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 10), construed as a motion to dismiss, will be granted, and this action will be dismissed.

Date: December 3, 2024                                         /s/_____
                                                               Julie R. Rubin
                                                               United States District Judge